**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
David C. Layden (*pro hac vice*)
dlayden@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Attorneys for Defendant
Nuance Communications, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DANA TURNER, DANIEL SMITH, and AARON YOUSHEI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NUANCE COMMUNICATIONS, INC.,

Defendant.

Case No. 4:22-cv-05827-DMR
*Consolidated with 4:23-cv-00797-DMR*

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Judge: Honorable Donna M. Ryu

Hearing Date: February 22, 2024
Time: 1:00 p.m.
Courtroom: 4

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Under Federal Rule of Evidence 201, Defendant Nuance Communications, Inc. respectfully requests that the Court take judicial notice of the following exhibits submitted in connection with Nuance's concurrently-filed Motion to Dismiss:

- **Exhibit A** to the Declaration of Laura Deck, which is a true and correct copy of the Deposit Account Agreement in effect at the time that Plaintiff Turner opened her account with Chase Bank. A current version of this Agreement with substantively identical relevant provisions is publicly available at: https://www.chase.com/content/dam/chase-ux/documents/personal/checking/deposit-account-agreement.pdf.
- **Exhibit B** to the Declaration of Laura Deck, which is a true and correct copy of the Deposit Account Agreement in effect at the time that Plaintiff Youshei opened his account with Chase Bank. A current version of this Agreement is publicly available at: https://www.chase.com/content/dam/chase-ux/documents/personal/checking/deposit-account-agreement.pdf.
- **Exhibit C** to the Declaration of Laura Deck, which is a true and correct copy of the Deposit Account Agreement in effect at the time that Plaintiff Smith opened his account with Chase Bank. A current version of this Agreement is publicly available at: https://www.chase.com/content/dam/chase-ux/documents/personal/checking/deposit-account-agreement.pdf.
- **Exhibit D** to the Declaration of Laura Deck, which is a true and correct copy of the Deposit Account Agreement in effect at the time that Turner filed her initial complaint. A current version with substantively identical relevant provisions of this Agreement is publicly available at: https://www.chase.com/content/dam/chase-ux/documents/personal/checking/deposit-account-agreement.pdf.
- **Exhibit E** to the Declaration of Laura Deck, which is a true and correct copy of the Deposit Account Agreement in effect at the time that Plaintiffs Smith and Youshei filed their initial

complaint. A current version of this Agreement with substantively identical relevant provisions is publicly available at: https://www.chase.com/content/dam/chase-ux/documents/personal/checking/deposit-account-agreement.pdf.

- **Exhibit A** to the Declaration of Christopher D. Moore, which is a true and correct copy of the Personal Electronic Signature Card digitally signed by Plaintiff Turner when she opened her Chase account, which states that Plaintiff Turner "read and agree[d] to the . . . Deposit Account Agreement."
- **Exhibit B** to the Declaration of Christopher D. Moore, which is a true and correct copy of the Personal Electronic Signature Card signed by Plaintiff Youshei when he opened his Chase account, which states that Plaintiff Youshei "acknowledge[d] [that he received] the Bank's Deposit Account Agreement" and "agree[d] to be bound by the terms and conditions as amended from time to time."
- **Exhibit C** to the Declaration of Christopher D. Moore, which is a true and correct copy of the Personal Electronic Signature Card signed by Plaintiff Smith when he opened his Chase account, which states that Plaintiff Smith "acknowledge[d] [that he received] the Bank's Deposit Account Agreement" and "agree[d] to be bound by the terms and conditions *as* amended from time to time."

## II. ARGUMENT

Federal Rule of Evidence 201 instructs that a court may take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment." *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *2 (C.D. Cal. May 18, 2012).

Consent is a necessary element of Plaintiffs' claims, and it is therefore appropriate for the Court to consider whether Plaintiffs consented to the alleged conduct at issue in evaluating the

merit of their claims. *See, e.g., Garcia v. Enter Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("[d]efendants may properly challenge [p]laintiffs's allegations regarding lack of consent through the instant motion to dismiss); *Smith v. Facebook, Inc.*, 745 F. App'x, 8, 9 (9th Cir. 2018) (affirming motion to dismiss based on consent). In analyzing consent, the Court may properly take judicial notice of each Plaintiff's Deposit Account Agreement ("DAA"), the agreement between each Plaintiff and Chase Bank through which each Plaintiff consented to the alleged conduct that underlies his or her claims. Courts in this circuit routinely take judicial notice of publicly available agreements and policies. *See, e.g. Garcia*, 78 F. Supp. 3d at 1136 (taking judicial notice of Zimride's Terms of Service and Privacy Policy); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service and Privacy Policy); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-CV-01725, 2020 WL 4569443, at *18 (N.D. Cal. Aug. 7, 2020) (taking judicial notice of Facebook's Data Policy); *cf. MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("[o]n a motion to dismiss, [a federal court] may take judicial notice of matters of public record outside the pleadings."). Each DAA is subject to judicial notice because the current version appears on a publicly accessible website, and each DAA is therefore capable of "accurate[] and read[y] determin[ation]" by "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Exhibits A, B, and C to the Deck Declaration, which are copies of the operative DAAs at the time each Plaintiff opened an account with Chase, and Exhibits D and E to the Deck Declaration, which are copies of the operative DAAs at the time Plaintiffs filed their initial complaints, are therefore properly subject to judicial notice.

Additionally, "[a] court may take judicial notice of the fact that a contract was signed." *Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 946 n.5 (S.D. Cal. 2021) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (holding that the district court could take judicial notice of "the *fact* that [a document] was signed"), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Exhibits A, B, and C to the Declaration of Christopher D. Moore are Personal Electronic Signature Cards for each

Plaintiff, which evidence the fact that each signed a document accepting the terms of the DAA. The existence of this fact is thus properly subject to judicial notice.[1]

## III. CONCLUSION

Nuance respectfully requests that this Court take judicial notice of Exhibits A, B, C, D, and E to the Deck Declaration and Exhibits A, B, and C to the Moore Declaration, and consider them when ruling on Nuance's Motion to Dismiss.

DATED: December 8, 2023

JENNER & BLOCK LLP

By: */s/ Kate T. Spelman*

Kate T. Spelman
David C. Layden
Attorneys for Defendant
Nuance Communications, Inc.

---

[1] The DAAs and Plaintiffs' assent to them may alternatively be considered under the "incorporation by reference" doctrine, which the Ninth Circuit has "extended . . . to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, consent is a necessary element of Plaintiffs' claims, and thus Plaintiffs' claims "depend on the contents of" the DAAs governing their Chase accounts. *See Garcia*, 78 F. Supp. 3d at 1136 (citing *Knievel* and holding that "[b]ecause Plaintiff's claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss.").